NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE A. SABA; NABEEL SLAIEH, | No.    17-56827 |
| Plaintiffs-Appellants, | D.C. No. 5:17-cv-01389-JVS-SP |
| v. | |
| MARK D. HOULE, individually and as U.S. Bankruptcy Judge; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 18, 2019[**]

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

George A. Saba and Nabeel Slaieh, proceeding pro se, appeal the district

court's judgment dismissing their action alleging claims under 42 U.S.C. §§ 1981,

1983, and 1985 and state law. These claims stem from Slaieh's Chapter 7

bankruptcy case, where Saba was Slaieh's counsel. We have jurisdiction under 28

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review the district court's dismissal de novo. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974 (9th Cir. 2012) (lack of subject matter jurisdiction); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (absolute immunity). We affirm.

The district court properly dismissed the claims against Judge Houle as barred by absolute immunity. *See* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers for their judicial conduct "unless a declaratory decree was violated or declaratory relief was unavailable"); *Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991) (per curiam) (judges are absolutely immune from suits for damages based on their judicial conduct except when performing nonjudicial functions or acting in the complete absence of jurisdiction).

The district court properly dismissed the claims against Chapter 7 Trustee Simons and Simons's counsel and real estate broker as barred by the *Barton* doctrine. *See Barton v. Barbour*, 104 U.S. 126, 129 (1991); *Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 970-71 (9th Cir. 2005) (the *Barton* doctrine requires "that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity;" without such leave, "the other forum lacks subject matter jurisdiction over the suit"). Moreover, because Saba has not alleged that these

2

defendants caused him injury, he lacks standing to bring any claims against them. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (explaining the constitutional requirements of standing).

**AFFIRMED.**